Argued February 19, affirmed March 22, reconsideration denied April 28, petition for review denied May 25, 1976

STATE OF OREGON, *Respondent,*
*v.*
THOMAS EUGENE PERRY, *Appellant.*
(No. 75-514-C-1, CA 4866)

547 P2d 187

*Paul J. DeMuniz,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

**FORT, J.**

Defendant was indicted with one Douglas Austin for murder. ORS 163.115. Tried and convicted by a jury, he appeals from the resulting judgment, assigning as error denial of his motions for judgment of acquittal and for directed verdict. He also complains here of an alleged misstatement by the prosecutor concerning a witness's testimony during his argument to the jury.

■ Essentially the question tried in the case was whether the victim was killed by the defendant or by Austin, and if by Austin, whether the defendant aided and abetted Austin in the murder. The defendant was tried separately from Austin.[1] The victim was the girl friend of Austin. She was shot through the upper body from behind with a 30.30 rifle and was thereafter buried in a shallow grave under a pile of rocks and dirt not far from the scene of the killing. The grave was in a mountainous area and the body was not discovered for some weeks after the murder. We see no purpose in describing the tragic and sordid story of wasted lives so clearly delineated in the evidence adduced in the lengthy trial.

The evidence concerning the murder was circumstantial, but there was ample circumstantial evidence to warrant denial of the motions. Both Austin and defendant were together with the victim during major portions of the evening when she was shot and had ample opportunity to shoot her or to aid and abet the other in so doing. Each had ready access to the murder weapon, although it belonged to neither. Prior to the murder Austin and defendant were heard by one of the witnesses to discuss "getting rid" of the victim. Also, according to one witness, prior to the murder the defendant, referring to an occasion some days before the actual shooting, "made the statement that he had taked [sic] Jan [the victim] out that night before on the

---

[1] Austin was also convicted and his conviction affirmed in State v. Austin, 24 Or App 529, 546 P2d 794 (1976).

pretense of poaching a deer, and he made the statement that he was walking behind her with a 30-30 rifle that was loaded, and he said, 'I pulled the hammer back on it,' and he said, 'I thought about shooting her,' and he said that if he had shot her and she would have fell over and started kicking and screaming, he couldn't have shot her again, that he wouldn't have had the nerve to shoot her again."

Shortly after the murder the defendant and his girl friend left the state. While they were visiting in California their hostess there testified:

"A When I walked into the room Pat [the girl friend] asked Tom [defendant] if he had wiped the fingerprints off the gun.

"Q Was there any conversation at that time, Mrs. Suttie?

"A Other than that he said no, that he expected the old man to do it because he usually cleans the gun."

Their host there testified:

"* * * [Defendant] told me that Doug [Austin] had got Jan pregnant and that they had killed her, and I thought that they were talking about they had either aborted a baby or had killed a newborn baby, and Pat said 'no, it was Jan,' and so then Tom told me that him and Pat had gone to town and when they came back Doug told them that him and Janet had the last fight or whatever and he had seen her hitch-hiking up the road somehow, or anyway, he had sent her out and then gone up behind her and shot her, and then Tom had helped Doug carry the body back into a creek bed or something, I don't know, and put a bunch of rocks over the body."

The motions for judgment of acquittal and for directed verdict were correctly denied.

■■ The second assignment relates to alleged misstatements made by the prosecutor concerning the evidence in his final argument. No objection was made to any of these. No motion for a mistrial was addressed to the court. The contention is raised for the first time on appeal. The general rule is that alleged errors not raised below will not be considered on appeal. *State v.*

*Avent,* 209 Or 181, 183, 302 P2d 549 (1956); *State v. Brewton,* 238 Or 590, 604-05, 395 P2d 874 (1964). It is not here suggested that the misstatements, if any there were, were made deliberately or that the prosecutor asserted or implied personal knowledge about matters not in evidence. We decline to consider the claimed error.

Affirmed.