Argued September 21, affirmed October 25, reconsideration denied
December 1, 1976, petition for review denied January 11, 1977

STATE OF OREGON, *Respondent,*
*v.*
GEORGE ARMSTEAD GAINES, *Appellant.*
(No. C 75-08-2791, CA 5500)
555 P2d 469

*Diane Wilp Spies,* Portland, argued the cause for appellant. With her on the brief were Connall & Spies, P.C., Portland.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

FORT, J.

**FORT, J.**

The defendant appeals from his conviction for two counts of attempted murder, ORS 163.115, 161.405, and one count of recklessly endangering another person, ORS 163.195. The circuit court sentenced defendant to a term of imprisonment not to exceed 20 years on one attempted murder count and 10 years on the other, to run consecutively. On the count of recklessly endangering another person, he was fined $1,000.

The defendant assigns as error the following instruction to the jury on a theory of reckless attempted murder:

> "Although the Information charges only that the defendant intentionally attempted to cause the death of Dorothy Reid and Thomas Reid, you may also return a verdict of Guilty if you find that there was an attempted homicide resulting from the defendant acting recklessly under circumstances manifesting an extreme indifference to the value of human life.
>
> "Attempted murder is a crime which may be committed by a variety of means. * * *"

Counsel stated:

> "THE COURT: Plaintiff's exceptions.
>
> "MR. BIRKLAND: None, your Honor.
>
> "THE COURT: Defendant's exceptions.
>
> "MR. CONNALL: I will except to the instruction on any consideration of the prior convictions simply based on my previous position in that respect, your Honor. I don't think there is any need to explain it to the Court further.
>
> "THE COURT: I don't think so.
>
> "MR. CONNALL: *That is all.*" (Emphasis supplied.)

The longstanding rule is that an error asserted for the first time on appeal and not excepted to at trial will not be considered on appeal. *State v. Avent,* 209 Or 181, 302 P2d 549 (1956); *State v. Perry,* 24 Or App 807, 547 P2d 187, Sup Ct *review denied* (1976). *See also: State v. Peyton,* 8 Or App 479, 493 P2d 1393, Sup Ct

*review denied* (1972). A failure to except will be overlooked only in rare cases. In *Avent* the court said:

"* * * It is sometimes less strictly enforced in criminal, and especially in capital, cases, but even then it will not be relaxed unless the court, upon an examination of the entire record, can say that the error is manifest and that the ends of justice will not otherwise be satisfied." 209 Or at 183.

Even assuming, as the state virtually concedes, that the instruction was erroneous under *State v. Smith,* 21 Or App 270, 534 P2d 1180, Sup Ct *review denied* (1975), and *State v. Reinan,* 22 Or App 389, 538 P2d 1273 (1975), our review of the record satisfies us that the "ends of justice" do not require reversal. The record clearly indicates from the defendant's own testimony that the shooting of the two victims named in Counts I and II was done intentionally and knowingly by him and that recklessness was no part of either act. The defendant himself testified that he recalled shooting the two victims after he returned, shortly following an earlier visit, to the victims' home with a loaded gun which he deliberately fired at both victims. Accordingly, we decline to notice the error.

The remaining assignments of error do not warrant consideration.

Affirmed.