Argued and submitted February 4, resubmitted In Banc June 8,
reversed and remanded July 13, 1983

## STATE OF OREGON,
*Respondent,*

*v.*

## CLAUDE FERGUSON JENKINS,
*Appellant.*

## (MC 82-56; CA A25474)

666 P2d 869

Ronald K. Cox, Assistant Public Defender, Coquille, argued the cause and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

ROSSMAN, J.

## ROSSMAN, J.

■ In this case, a prosecutor attempted to impeach an unrepresented defendant by introducing inadmissible evidence of prior convictions. Because the trial court[1] failed to declare a mistrial on its own motion, we reverse and remand.[2]

Defendant was charged with first degree criminal trespass, ORS 164.255, and second degree sexual abuse. ORS 163.415. Before trial, the prosecutor sought a ruling on the admissibility for impeachment purposes of certain prior convictions. OEC 609.[3] He stated that, according to his records (a criminal history printout), defendant had been convicted of "strongarm rape" in August, 1972, and the "felony" of third degree assault in 1977. Defendant objected, denying the "strongarm rape" conviction. On inquiry by the court, the prosecutor admitted that he did not have certified copies of *any* conviction orders. The trial court explained to defendant that the prosecutor could ask whether he had been convicted of the offenses and if defendant answered "yes," that would end the discussion. However, if defendant answered "no," the state would be free to prove otherwise. The court admonished defendant that, if he denied a conviction that was later proven, "that's perjury." The court reserved its ruling on the admissibility of the convictions until trial.

---

[1] The assignments of error discussed in this opinion concern the conduct of defendant's trial over which Judge Robert Warren presided.

[2] Defendant raises two other issues in this appeal involving rulings made on certain pretrial motions. We find no merit in either assignment. (1) The record adequately supports the trial court's denial of defendant's motion for appointed counsel. (2) The trial court did not abuse its discretion, and hence did not err, in denying defendant's motion for continuance. The request was not supported by an affidavit, and, moreover, defendant had been given adequate opportunity to obtain counsel and to prepare for trial. The difficulties faced by defendant were largely the result of his own doings.

[3] OEC 609 provides in part:

"(1) For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime in other than a justice's court or a municipal court shall be admitted if elicited from the witness or established by *public record,* but *only* if the crime (a) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (b) involved false statement." (Emphasis supplied.)

At trial, defendant represented himself and testified in his own behalf. The thrust of his defense was consent. In the presence of the jury, the following questions and answers were asked and given during defendant's cross-examination:

"[PROSECUTOR]: Okay. Now, Mr. Jenkins, is it true that in 1977 you were convicted of Assault In The Third Degree, a felony?

"[DEFENDANT]: It's true, yes.

"[PROSECUTOR]: *Aggressive behavior, assault. Is it true in 1972 you were convicted of strongarm rape?*

"[DEFENDANT]: *No, it's not true.*

"[PROSECUTOR]: That's not true?

"[DEFENDANT]: It's not true.

"[PROSECUTOR]: *Were you convicted of a sex crime in 1972?*

"[DEFENDANT]: I'll stand on the Fifth Amendment on that." (Emphasis supplied.)

The judge excused the jury and a discussion ensued, during which the prosecutor stated:

"[M]y records indicate that he does have a conviction for strongarm rape in 1972. He denies that, well, and also he has told me that, wait a minute, that really wasn't strongarm rape, it was something to do with sexual delinquency of a minor, or something to that effect. I'll settle for that if that's in fact the case, that's all I'm getting at."

Because the state had no rebuttal to defendant's denial, the court ruled that he could not pursue the matter. The court gave no curative instruction at the time, and the jury never learned of the exact nature of the 1972 conviction, whatever it may have been.

Defendant was convicted of both charges. At the sentencing hearing, defendant was represented by an attorney who produced a certified copy of defendant's 1972 conviction. Defendant, in fact, had been convicted of contributing to the sexual delinquency of a minor, a misdemeanor. With respect to the 1977 assault conviction, the state concedes that assault in the third degree did not become a felony until 1978 and that, at the time of defendant's conviction, the offense was merely a

Class A misdemeanor and not available for impeachment purposes. *See* Or Laws 1977, ch 297, § 3.

The issue is whether, under these circumstances, the trial court committed reversible error in failing to declare a mistrial on its own motion.

■ The state argues that the "threshold problem" is that defendant did not move for a mistrial. Defendant contends that this is a case of "plain error" and, therefore, he is not precluded from asserting this matter for the first time on appeal. While it is true that, except in rare instances, unpreserved error is not subject to appellate review, *see State v. Evans,* 290 Or 707, 713, 625 P2d 1300 (1981), the rule does not bar review when this court, "upon an examination of the entire record, can say that the error is manifest and that the ends of justice will not otherwise be satisfied." *See State v. Gaines,* 27 Or App 69, 72, 555 P2d 469 (1976), *rev den* 277 Or 1, *cert den* 431 US 916 (1977) (quoting *State v. Avent,* 209 Or 181, 183, 302 P2d 549 (1956)). The test is satisfied here. Although it may be argued that the trial court's failure to declare a mistrial involved the exercise of its discretion, we conclude that under these circumstances the court had no discretion and that intervention was required. The trial court tolerated uninvited prejudice, of which it was forewarned, with the effect that unfair advantage was taken of an unrepresented defendant. *See State v. Stanley,* 30 Or App 33, 36, 566 P2d 193, *rev den* 280 Or 1 (1977).

■ For the purpose of impeachment, OEC 609 requires that evidence of a prior criminal conviction be "elicited from the witness or established by public record" and permits such inquiry *only* as to convictions for felonies and crimes involving "false statement." Defendant's 1972 conviction was not for rape but for contributing to the sexual delinquency of a minor, a Class A misdemeanor, ORS 163.435, and did not involve "false statement." Before trial, the prosecutor and the court knew that defendant would deny the "strongarm rape" conviction. They also were well aware that the prosecutor lacked the legally sufficient documentation to back up his questioning, namely, a certified copy of the conviction. When the court and the parties discussed the matter out of the presence of the jury, the prosecutor admitted that defendant had told him that the

conviction was for the misdemeanor and that that's what he was "getting at" and would "settle for."

■     The prosecutor's question concerning the "strongarm rape" *and* his question about "a sex crime in 1972" were plainly improper under OEC 609. Furthermore, we cannot overlook the obvious prejudice resulting from the prosecutor's use of the word "strongarm" to characterize the rape. There is no such offense. Use of the term served *only* to increase the prejudicial effect of the inquiry and is not different in result or in the rebuke it merits from a reference to a "bloody" assault or a "conniving" forgery. Impeachment by reference to a prior conviction may not be used as a subterfuge to blacken the character of a defendant by insinuating prior convictions that cannot be proved. *See State v. Gustafson,* 248 Or 1, 5, 432 P2d 323 (1967). This is particularly true where, as here, the crimes for which a defendant allegedly has been convicted are similar to those for which he is being tried. As the court stated in *State v. Rollo,* 221 Or 428, 437-38, 351 P2d 422 (1960) (also involving an attempt to impeach by proof of prior convictions):

> "* * * The imprint upon the minds of some or all of the jurors might not be erased by mere denial when the suggestion is once implanted. * * *
>
> "* * * * *
>
> "* * * [A criminal defendant] shall not be tried by innuendo * * *. The prosecutor is entitled to hit as hard as he can above, but not below, the belt."

The tactics of this prosecutor and their impact on the subsequent course of defendant's trial made the trial *fundamentally unfair,* without regard to how strong evidence of guilt may have been. A cautionary jury instruction, had one been given, would have had no realistic effect.

■     The prosecutor's questioning of defendant about his conviction in 1977 for assault in the third degree was also improper under OEC 609. The state concedes that assault in the third degree was a misdemeanor at the time and, as such, was inadmissible for impeachment. The prosecutor had no "public record" of such a conviction, and the prejudicial effect of his inquiry is obvious, particularly in light of his editorial comment to the jury, *i.e.,* "[a]ggressive behavior, assault." It is also significant that the "rap sheet" on which the prosecutor

relied showed that the assault conviction occurred in Coquille Municipal Court. Any prosecutor should know that municipal courts do not have jurisdiction over felony charges and that, because assault does not involve "false statement," only a *felony* assault conviction could be used for impeachment. Again, we consider the error notwithstanding defendant's failure to object.

We conclude that had defendant requested a mistrial on the grounds he now asserts on appeal, it would have been reversible error for the trial court to deny the request. Accordingly, we will not sustain a conviction obtained by the methods used in this case. A trial court cannot be deaf or blind to prosecutorial misconduct in the examination of a witness when, as in this case, it threatens the integrity and fairness of the trial process itself. The adversary system neither requires nor justifies such nonintervention, especially where there is notice in advance that an objectionable and prejudicial tactic will be used.

Reversed and remanded for new trial.[4]

---

[4] *See State v. Kennedy,* 295 Or 260, 666 P2d 1316 (1983).