Submitted June 18, reversed and remanded August 7, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HEATHER MARIE THOMAS,
*Defendant-Appellant.*

Multnomah County Circuit Court
110646899; A149826

308 P3d 270

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals a judgment of conviction for criminal mischief in the second degree, ORS 164.354. She contends that the trial court erred in refusing to admit certified copies of the Oregon Judicial Information Network (OJIN) register that she had offered to establish an adverse witness's alleged prior convictions for impeachment purposes. OEC 609(1) provides that "evidence that the witness has been convicted of [certain] crime[s] shall be admitted" to attack the "credibility of a witness" if the evidence is "elicited from the witness or established by public record." Defendant argues that the OJIN register was a "public record" that "established" the alleged convictions for purposes of OEC 609(1) and that the register was therefore admissible under that rule. We agree with defendant and, because the error was not harmless, reverse and remand.

The relevant facts are procedural and undisputed. Defendant was tried on one count of second-degree criminal mischief. That charge stemmed from an incident in which two car windows were smashed. The state's theory at trial was that defendant had smashed the windows. Defendant, however, argued that another person, West, had done so. As the state's primary witness, West testified that he had been convicted in 1998 or 1999 of one count of attempted second-degree robbery. Defense counsel sought to impeach him by introducing a certified OJIN register that, defense counsel apparently believed, indicated that West had in fact been convicted of *two* crimes. The trial court refused to admit the OJIN register, concluding that it was "not a certified copy of the judgment" and was unreliable ("I have seen enough errors in judgment print-outs like that ***.").

Defendant appeals, arguing that the OJIN register was admissible as a matter of law under OEC 609(1). That rule provides:

"For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or *established by public record*, but only if the crime:

"(a) Was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted; or

"(b) Involved false statement or dishonesty."

(Emphasis added.) OEC 609(4) allows the witness an opportunity to explain the circumstances of the conviction:

"When the credibility of a witness is attacked by evidence that the witness has been convicted of a crime, the witness shall be allowed to explain briefly the circumstances of the crime or former conviction; once the witness explains the circumstances, the opposing side shall have the opportunity to rebut the explanation."

Defendant argues that the ostensible second conviction was "established by public record" under OEC 609(1) because the OJIN register was a "public record" required to record the judgment of convictions. The state responds that, as the trial court found, the OJIN register was insufficiently reliable to "establish" the conviction.

We conclude that an OJIN register is a "public record" that "establishe[s]" convictions within the meaning of OEC 609(1). When construing a statute, we examine the text of the statute in context, along with any relevant legislative history, to discern the legislature's intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). The term "public record" is not defined in the statute; accordingly, we look to its plain, natural, and ordinary meaning. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). The plain meaning of "public record" is "a record required by law to be made and kept." *Webster's Third New Int'l Dictionary* 1836 (unabridged ed 2002).[1]

Oregon circuit courts are required by law to keep a case register. ORS 7.010(1) ("The records of the circuit courts include a register and jury register."). OJIN functions as that official register. *See State v. Bennett*, 249 Or

---

[1] Analogously, the meaning of "[p]ublic record" for purposes of inspection rights under the Public Records Law, ORS 192.410 to 192.505, is "any writing that contains information relating to the conduct of the public's business, including but not limited to court records, mortgages, and deed records, prepared, owned, used or retained by a public body regardless of physical form or characteristics." ORS 192.410(4)(a).

App 379, 380 n 1, 277 P3d 586 (2012), *rev den*, 353 Or 203 (2013) ("We take judicial notice of the trial court's case register in the Oregon Judicial Information Network (OJIN), which serves as the official register."). Under ORS 7.020, in that register "the clerk or court administrator shall enter, by its title, every action, suit or proceeding," including "[t]he date of making, filing and entry of any order, judgment, ruling or other direction of the court * * *." Accordingly, an OJIN register is "a record required by law to be made and kept" and thus a "public record" under OEC 609(1).

The trial court's implicit conclusion that the phrase "public record" means only a certified copy of the judgment contradicts the plain text of the rule. Had the legislature intended that only a certified copy of the judgment be admissible to establish a prior conviction under OEC 609(1), it would have used the phrase "the record of the judgment" rather than "public record." Indeed, that is what the previous version of OEC 609 provided. *Former* ORS 45.600 (1979), *repealed by* Or Laws 1981, ch 892, § 98, provided, in relevant part, that a witness "may not be impeached by evidence of particular wrongful acts, except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime." The adoption of OEC 609 and the repeal of *former* ORS 45.600 evinces the legislature's intent to broaden the scope of acceptable evidence of a criminal conviction for the purpose of impeachment.[2] *See Krieger v. Just*, 319 Or 328, 336, 876 P2d 754 (1994) (concluding that, in a serially amended statute, "the wording changes adopted from session to session are a part of context of the present version of the statute being construed").

We disagree with the state's argument that an OJIN register is not sufficiently reliable to "establish" the existence of a conviction. The plain meaning of "establish" is "to provide strong evidence for." *Webster's* at 778. As noted, the OJIN register is the record, required by law, documenting all circuit court proceedings, including the "making, filing and entry of any * * * judgment[.]" ORS 7.020(2). Under OEC 311(1)(j), it is presumed that the "[o]fficial duty" of

---

[2] Because this case concerns only the use of certified OJIN registers under OEC 609, we need not determine what other records may qualify as "public record[s]" under OEC 609(1).

recording a judgment in the OJIN register "has been regularly performed." In light of those legal parameters, the OJIN register provides "strong evidence for" the existence and nature of a judgment of conviction. Therefore, as a matter of law, the certified OJIN register was a "public record" sufficient to "establish[ ]" West's alleged second conviction.

The state's remaining arguments are beside the point. Relying on *State v. Venegas*, 124 Or App 253, 862 P2d 529 (1993), *rev den*, 318 Or 351 (1994), the state argues that the trial court acted within its discretion to exclude evidence that would be confusing to the jury. That argument is unfounded. In *Venegas*, we explained:

> "Although an extensive inquiry into the facts behind a judgment of conviction may in some cases be too time-consuming, cumulative or confusing to the jury, and therefore may be limited by the trial judge, OEC 609 does not prevent the state from showing the nature of prior felony convictions that meet the other requirements of that rule."

*Id.* at 256 (internal citation omitted). Thus, in that case, we determined that a trial judge has some discretion to limit an extensive inquiry into the *facts* underlying a judgment of conviction if that inquiry is, or promises to be, too time-consuming, cumulative, or confusing to the jury—not that a trial judge may wholly exclude the evidence of that *conviction*.[3] Under OEC 609(1), evidence of the conviction "shall be admitted[.]" Accordingly, the trial court lacked discretion to exclude evidence that met the requirements of the rule.

Finally, the state argues that, in *State v. Jenkins*, 63 Or App 858, 666 P2d 869 (1983), we concluded that a certified copy of a judgment is the sole means of proving a prior conviction under OEC 609. We disagree. In *Jenkins*, the state sought to impeach a witness under OEC 609 with a document alternately referred to as a "criminal history printout" or "'rap sheet'" rather than a certified copy of an OJIN register. *Id.* at 860, 863. We later mentioned, in *dictum*, that the "prosecutor lacked the legally sufficient documentation

---

[3] Even so, OEC 609(4) limits the discretion of a trial judge to exclude some collateral evidence to the conviction. The rule requires that the witness sought to be impeached by the prior conviction "be allowed to explain briefly the circumstances of the crime or former conviction" and that the "opposing side [be given] the opportunity to rebut the explanation."

to back up his questioning, namely, a certified copy of the conviction." *Id.* at 862. However, we did not hold that a certified copy of the judgment was the only document from which a conviction could be "established by public record" under the rule; rather, we held that, in that case, the state's document had not established the conviction. *Id.* at 862-64. Indeed, *Jenkins* was decided before OJIN was first implemented. Accordingly, we hold that the OJIN register was adequate to establish West's alleged second conviction under OEC 609 and that the trial court erred in excluding it.

Given the circumstances of this case, that error was not harmless. Under Article VII (Amended), section 3, of the Oregon Constitution, a reviewing court must affirm a judgment "notwithstanding any error committed during the trial" if the court determines that "the judgment of the court appealed from was such as should have been rendered in the case[.]" Under that provision, the constitutional test for affirmance is whether there is "little likelihood that the particular error affected the verdict[.]" *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003); *see also* OEC 103(1) ("Evidential error is not presumed to be prejudicial."). Here, the exclusion of evidence that might have undercut the credibility of the state's chief witness against defendant likely affected the verdict.

The case turned on the credibility of the two main witnesses, defendant and West. Defendant and West were the only persons to witness the crime. Both disclaimed responsibility and blamed the other. In the absence of physical evidence, the jury was left to make a credibility judgment as to which competing narrative to believe.

Under those circumstances, the exclusion of admissible evidence impeaching the credibility of one of the witnesses was not harmless. While West's two alleged convictions may have been similar in timing and circumstance, they would nonetheless have constituted separate crimes. OEC 609(1) makes the evidence of those alleged criminal convictions relevant for "the purpose of attacking the credibility of a witness[.]" Although we cannot speculate that the admission of the impeachment evidence would have

been dispositive in the jury's determination of the witnesses' competing credibility claims, neither can we say that there was little likelihood that the exclusion of the OJIN register affected the verdict.

In sum, the trial court erred in refusing to admit the OJIN register as a "public record" sufficient to "establish[]" the alleged criminal convictions under OEC 609(1). That evidence was highly probative of the credibility of the witness, West, whose testimony was the foundation of the prosecution's case. Thus, the exclusion of the OJIN register was not harmless error, and that evidentiary ruling requires reversal of the judgment.

Reversed and remanded.