On appellant's petition for reconsideration filed February 1, petition for reconsideration allowed, former disposition (308 Or App 783, 481 P3d 959) adhered to March 10, 2021

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSE ANTONIO HERNANDEZ,
*Defendant-Appellant.*

Marion County Circuit Court
16CR65578; A166220

483 P3d 59

J. Channing Bennett, Judge.

Zachary Lovett Mazer, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

PER CURIAM

Petition for reconsideration allowed; former disposition adhered to.

**PER CURIAM**

In this criminal case, defendant seeks reconsideration of our disposition in *State v. Hernandez*, 308 Or App 783, 481 P3d 959 (2021). In that case, we agreed with defendant's arguments with respect to the motion to suppress, and therefore reversed and remanded Counts 2, 3, and 4. *Id.* at 791-92. We further vacated and remanded Counts 1 and 6 for the trial court to reconsider defendant's midtrial request to waive a jury trial. *Id.* at 792-93. The tagline provides: "Convictions on Counts 2, 3, and 4 reversed and remanded; convictions on Counts 1 and 6 vacated and remanded; otherwise affirmed." Defendant now seeks clarification of that tagline and our disposition on appeal. In defendant's view, because we reversed or vacated "all counts of conviction," it was unclear what the purpose of the last portion of the tagline—"otherwise affirmed"—meant. A close reading of the judgment on appeal provides the answer.

It is true, as defendant observes, that our disposition reversed or vacated "all counts of conviction" arising out of the judgment. The judgment, however, disposed of more than just the counts that resulted in a conviction. As noted in our opinion, and as defendant acknowledges in his petition for reconsideration, the trial court granted defendant's motion for judgment of acquittal as to Count 5. *See id.* at 785 n 1. The judgment on appeal incorporates the trial court's disposition on that count, and thus our tagline resolving the appeal should also explicitly provide a disposition for that portion of the judgment.[1]

Although it could be left unsaid that the judgment of acquittal on Count 5 is undisturbed by our decision, we conclude that the better practice is for the tagline to affirmatively provide a disposition for all of the counts resolved by the judgment on appeal. As we have previously observed, a "criminal defendant does not appeal specific 'counts' or

---

[1] In a different context, we observed that the Uniform Criminal Judgment (UCJ) includes a section for counts that are disposed of with no conviction, which can help avoid confusion in later proceedings. *See State v. Chesnut*, 283 Or App 347, 351 n 4, 388 P3d 1237 (2017) (describing the UCJ); *see also* ORS 137.071(2)(f) (providing that a judgment in a criminal action must, among other requirements, "[s]pecify clearly the court's determination for each charge in the information, indictment or complaint").

convictions; appeal is taken from a *judgment* in a criminal proceeding." *State v. Muyingo*, 226 Or App 327, 330, 203 P3d 365, *rev den*, 346 Or 364 (2009) (emphasis in original). In this case, given that no party suggests that the portion of the judgment documenting the trial court's disposition on Count 5 was a scrivener's error or defective in some way, the "otherwise affirmed" part of our tagline closes the loop such that the tagline taken as a whole provides a disposition for all of the counts resolved by the judgment on appeal.

Petition for reconsideration allowed; former disposition adhered to.