Argued and submitted March 9; convictions on Counts 1 and 2 reversed and remanded, otherwise affirmed April 7, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RANDY DEAN MANNS,
*Defendant-Appellant.*

Lincoln County Circuit Court
18CR26628; A170360

484 P3d 1132

Sheryl Bachart, Judge.

Lindsey Burrows argued the cause for appellant. Also on the briefs was O'Connor Weber LLC.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Convictions on Counts 1 and 2 reversed and remanded; otherwise affirmed.

**PER CURIAM**

Defendant was convicted after a jury trial of one count of burglary in the first degree (Count 1), ORS 164.225, and one count of theft in the first degree (Count 2), ORS 164.055.[1] The jury returned nonunanimous verdicts on both counts. On appeal, defendant first assigns error to the trial court's denial of his motion to dismiss the indictment based on double jeopardy. We reject that assignment of error without discussion.

In his second and third assignments of error, defendant contends—and the state concedes—that the trial court plainly erred in instructing the jury that it could find defendant guilty by a 10-2 verdict and in receiving nonunanimous verdicts on Counts 1 and 2. We agree and accept the state's concession. After defendant filed his opening brief, the United States Supreme Court decided *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), holding that the Sixth Amendment requires unanimous verdicts for convictions. Then, in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020), the Oregon Supreme Court concluded that acceptance of a nonunanimous verdict meets the requirements for plain-error review, and the court exercised its discretion to correct the error. Accordingly, for the reasons articulated in *Ulery*, we exercise our discretion to correct the error here.

Convictions on Counts 1 and 2 reversed and remanded; otherwise affirmed.

---

[1] The court granted defendant's motion to dismiss Count 3 before trial, and it memorialized that disposition in the judgment. *See State v. Hernandez*, 309 Or App 784, 785, 483 P3d 59 (2021) (explaining that "the better practice" is for taglines to reflect a disposition for all counts resolved by the judgment on appeal).