Argued February 5, affirmed as modified July 2, 1969

## STATE OF OREGON, *Respondent, v.* MICHAEL MURRAY STEVENS, *Appellant.*

456 P2d 494

*A. Duane Pinkerton II*, Springfield, argued the cause for appellant. With him on the briefs were Sanders, Lively, Camarot & Wiswall, Springfield.

*Stephen A. Hutchinson*, Deputy District Attorney, Eugene, argued the cause for respondent. On the brief

were John B. Leahy, District Attorney and Elizabeth W. Browne, Deputy District Attorney, Eugene.

Before Perry, Chief Justice, and Sloan, O'Connell, Denecke and Langtry*, Justices.

PERRY, C. J.

Defendant Michael Murray Stevens was convicted in Lane County in September, 1966, for obtaining money and property under false pretenses. He was thereupon sentenced for a term not to exceed 18 months in the Oregon Correctional Institution. The trial court suspended execution of the sentence and placed defendant on probation for a period of three years. During the probationary period, defendant was convicted in Benton County of receiving and concealing stolen property and as a result of that conviction was imprisoned in the penitentiary. In due course an order was entered in Lane County revoking defendant's probation and ordering execution of the sentence imposed earlier under the Lane County conviction, to run consecutively to the sentence defendant was already serving as a result of his Benton County conviction. Defendant appeals from the order revoking his probation.

Defendant assigns as error that part of the revocation order which provides that the sentence of 18 months entered in Lane County in September, 1966 should run consecutively to the sentence entered in Benton County.

Our statutes provide that the trial court upon conviction may, if it appears in the best interests of the public and the defendant, place the convicted defendant

---

* Langtry, J., did not participate in the decision of this case.

upon probation. In placing the convicted person upon probation, the trial court may first sentence the defendant and then grant probation or suspend the imposition of sentence and sentence at a later date if probation is violated. ORS 137.510.

As noted above, the Lane County Circuit Court in the matter before us first sentenced the defendant and then placed him upon probation. ORS 137.550, which sets forth the powers of the courts upon revocation of probation states:

"* * * Thereupon the court, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed or, if no sentence has been imposed, impose any sentence which originally could have been imposed."

It is clear that under this statute a court that has decreed the punishment to be imposed and then placed a defendant upon probation is limited to causing execution of the judgment. The power of a court to amend its judgments after expiration of the term is limited. No statute authorizes the amendment of a previous sentence after probation is granted.

That portion of the sentence which provides that the sentence from Lane County is to run consecutively with the sentence defendant is serving having been made without authority is surplusage and severable. *Lee v. Gladden*, 214 Or 601, 330 P2d 171, 332 P2d 203 (1958).

The revocation of probation and the sentence originally passed upon the defendant in 1966 being valid, the judgment of the trial court is affirmed as modified.