Argued May 18, affirmed June 6, 1977

STATE OF OREGON, *Respondent,*
*v.*
WILLIAM CHARLES MONAHAN, *Appellant.*
(No. C74-02-0479, CA 7568)
564 P2d 1374

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

W. Michael Gillette, Solicitor General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, Salem.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

Defendant's appeal presents the question of whether a trial court has authority under ORS 137.550, after revoking probation, to impose a sentence to run consecutive to a sentence imposed during probation for a crime committed during probation.

ORS 137.550(2) provides:

> "* * * [T]he court, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed or, *if no sentence has been imposed, impose any sentence which originally could have been imposed.* * * *" (Emphasis supplied.)

Defendant contends that the consecutive sentence imposed could not have been imposed "originally" because it is to follow a sentence which was not yet in existence at the time defendant was placed on probation. To accept such a contention would in many instances render meaningless a court's authority to impose sentence following probation revocation. As the state persuasively argues, under defendant's interpretation of ORS 137.550(2):

> "Whenever a court revokes probation and imposes a sentence based upon the subsequent commission of a crime for which the defendant has received a sentence equal to or in excess of the maximum sentence which the revoking court is empowered to impose in its case, the court will be prevented from imposing any meaningful penalty at all. The defendant will have received a 'free' conviction, and the most significant purpose to be served by suspending imposition of sentence, i.e., the preservation of a sanction to be used against a defendant who does not conform to the rules of society, consistent with his probation, will have been lost."

The phrase in question does not prevent the revoking court in imposing sentence from considering changed factual conditions. Indeed, the very logic behind permitting the court to place a defendant on probation with imposition of sentence suspended is to postpone imposition of sentence until its necessity and

form may be indicated, if at all, by future conditions. Sentence for a subsequent crime is one such condition. Rather the statutory directive requires that sentence imposed after probation revocation be imposed in accordance with the law applicable at the time defendant was originally placed on probation.

Affirmed.