STATE OF OREGON, *Respondent,*
*v.*
JACK MARVIN LEE, *Appellant.*
(No. 78-540-C, CA 11924)

594 P2d 435

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant seeks reversal of his convictions for assault in the fourth degree, attempted assault in the second degree, and resisting arrest. Defendant raises two assignments of error, only one of which warrants discussion.

Defendant's sentencing order lists the crimes for which he was convicted as follows:

"* * * [T]he defendant has been heretofore duly arraigned, tried and convicted of the offense [*sic*] of Count I, Assault In The Fourth Degree; Count II, Attempted Assault In The Second Degree and Count III, Resisting Arrest * * *."

The order imposes a five-year sentence. Defendant contends that Counts I and III, the two misdemeanor convictions, should have been merged into Count II, the felony conviction for attempted second degree assault. This was conceded by the state at trial and agreed to by the trial judge, but not correctly entered on the sentencing order. The error is again conceded by the state on appeal.

In this instance, where the judge indicated at trial his intention to merge the convictions and the inadvertent inclusion of the additional convictions apparently had no effect upon the sentence given, the language in the sentencing order naming fourth degree assault and resisting arrest as convictions is surplusage and severable. *State v. Stevens,* 253 Or 563, 456 P2d 494 (1969). We accordingly strike the two misdemeanor convictions from the sentencing order.

Affirmed as modified.