### The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

### Steven Dean LORENZO, Defendant-Appellant.

### No. 80CA1053.

Colorado Court of Appeals, Div. I.

Nov. 19, 1981.

Rehearing Denied Dec. 10, 1981.

Certiorari Denied March 22, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Nicholas R. Massaro, Jr., Deputy State Public Defender, Littleton, for defendant-appellant.

COYTE, Judge.

Defendant appeals from the trial court's imposition of a consecutive sentence upon probation revocation. We affirm.

On September 15, 1978, after defendant pled guilty to first degree assault, the trial court suspended imposition of sentence and placed defendant on probation for two years. The court revoked defendant's probation one year later for, among other violations, commission of a burglary in Wyoming while he was on probation. The trial court then sentenced defendant to imprisonment for five to six years which he was to begin serving after he had served his sentence in Wyoming. Defendant now appeals the imposition of a consecutive, rather than a concurrent, sentence.

Defendant contends that under § 16–11–206(5), C.R.S.1973 (1978 Repl.Vol. 8) the imposition of a consecutive sentence upon probation revocation is illegal, as the statute only authorizes the court to impose a sentence which could originally have been im-

posed. Defendant argues that as the Wyoming sentence did not exist at the time of the first trial, the court cannot now impose a sentence consecutive to that one because this would, in effect, amount to a greater sentence than he could have originally received. We disagree.

Section 16–11–205(5), C.R.S.1973 (1978 Repl.Vol. 8) provides:

"[I]f the court determines that a violation of a condition of probation has been committed it shall ... either revoke or continue probation. If probation is revoked, the court may then impose any sentence or grant any probation pursuant to the provisions to this part 2 which might have originally been imposed or granted."

In interpreting this language to require concurrent sentencing, defendant has misconstrued the language and meaning of the statute. The words "which might have originally been imposed or granted" mean that the later imposition of sentence shall be done in accordance with the law applicable at the time defendant was originally placed on probation, and they do not mandate concurrent rather than consecutive sentencing. *See State v. Monahan*, 29 Or. App. 791, 564 P.2d 1374 (1977). Here, consecutive sentencing is an appropriate mechanism for imposing a distinct punishment for each of two criminal acts. *United States v. Lustig*, 555 F.2d 751 (9th Cir. 1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 796 (1978).

Thus, upon the revocation of probation following suspension of imposition of sentence, the court may, in its discretion, impose a consecutive sentence to a sentence received by the defendant for a subsequent intervening crime.

Sentence affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.