Argued and submitted August 24, sentence on Counts I and II vacated; remanded for resentencing; otherwise affirmed October 10, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## STEVEN DEWEY McBRIDE,
*Appellant.*

(C87-01-30192; CA A63139)

798 P2d 728

Sally L. Avera, Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Yuan Xing Chen, Certified Law Student, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

In 1987, defendant was convicted in Multnomah County of one count of delivery and two counts of possession of a controlled substance. ORS 475.992. On the first two counts, he was sentenced to two concurrent ten-year prison terms with a five-year minimum. Execution was suspended, and he was placed on probation for five years. Imposition of sentence was suspended on Count III, and he was placed on probation for five years. Probation was revoked in 1989, after defendant was convicted of kidnapping and assault in Clackamas County and sentenced to ten years, with a five-year minimum.

When defendant's probation was revoked, the Multnomah County court ordered execution of the sentences on Counts I and II and imposed a ten-year sentence on Count III. It ordered that all three sentences run concurrently with each other but consecutively to the Clackamas County sentence.

The state concedes, correctly, that the court could not retroactively modify the sentences on Counts I and II to make them consecutive to the Clackamas County sentence. *State v. Stevens,* 253 Or 563, 456 P2d 494 (1969). Although execution of those two sentences had been suspended, the sentences had been imposed in 1987 and could not be altered. They must run concurrently with the Clackamas County sentence. However, the court had authority to impose a sentence on Count III to run consecutively to the Clackamas County sentence. ORS 137.123; *State v. Monahan,* 29 Or App 791, 564 P2d 1374 (1977).

Sentence on Counts I and II vacated; remanded for resentencing; otherwise affirmed.