Submitted on record and briefs May 8, remanded to the trial court with instructions in part; otherwise affirmed September 10, 1997

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSEF BATES ANDERSON,
*Appellant.*

(C91-05-32306; CA A94324)

945 P2d 594

Sally L. Avera, Public Defender, and Diane L. Alessi, Chief Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, filed the brief for respondent.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

## DEITS, C. J.

Defendant appeals the sentence imposed by the trial court after it revoked his probation. Defendant was convicted in 1991 of five counts of sexual abuse in the first degree, ORS 163.425, for acts committed before implementation of the sentencing guidelines, and was sentenced to prison for an indeterminate period not to exceed five years on each count. The court suspended execution of the sentences and placed defendant on probation for five years. On October 19, 1993, the court revoked probation as to the first conviction and sentenced defendant to serve a 10-month sentence of imprisonment. On July 23, 1996, defendant violated the conditions of probation on the remaining four convictions. The trial court revoked defendant's probation on those four convictions and ordered that defendant serve the previously-imposed sentences. It also ordered that defendant serve the four sentences consecutively and imposed a two-year minimum term on each sentence.

■ ■  Defendant argues that the trial court erred in amending the original sentence to make the sentences consecutive and in imposing minimum sentences. Although this argument was not preserved, the state acknowledges that the error is plain on the face of the record. We exercise our discretion to review it. ORAP 5.45(2). *See State v. Jones,* 129 Or App 413, 879 P2d 881 (1994). We conclude that the trial court lacked authority to amend a sentence following revocation of probation. ORS 137.550(4); *State v. Stevens,* 253 Or 563, 565, 456 P2d 494 (1969); *State v. McBride,* 103 Or App 642, 643, 798 P2d 728 (1990).

Remanded to the trial court to amend the judgment by deleting the provisions requiring that the sentences on count two through five be served consecutively and to delete the two-year minimum terms on each of those sentences; otherwise affirmed.