Argued and submitted January 16, 2020; reversed and remanded for resentencing, otherwise affirmed July 28, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL JOSEPH PORTER,
*Defendant-Appellant.*

Linn County Circuit Court
17CR44412; A167246

494 P3d 988

Defendant pleaded guilty to felony driving under the influence of intoxicants (DUII), ORS 813.010 and ORS 813.011 (Count 1), felony driving while suspended or revoked (DWS or DWR), ORS 811.182 (Count 2), and an open container violation, ORS 811.170 (Count 4). On appeal, he challenges the imposition of consecutive sentences on Counts 1 and 2, arguing that under ORS 137.123(5)(a), the record is insufficient to support the trial court's determination that defendant evinced an intent to commit more than one offense and that, under ORS 137.123(5)(b), the risks posed by DWR caused or created a risk of causing greater or qualitatively different loss, injury, or risk of harm than DUII. *Held*: Because there is no evidence to support an inference that defendant acted with a willingness to commit multiple offenses, the trial court erred in imposing consecutive sentences under ORS 137.123(5)(a). Further, because defendant's conduct is predicated on a single act, ORS 137.123(5)(b) does not authorize consecutive sentences for multiple offenses that arise out of that single act.

Reversed and remanded for resentencing; otherwise affirmed.

David E. Delsman, Judge.

Erin J. Snyder Severe, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

POWERS, J.

Reversed and remanded for resentencing; otherwise affirmed.

**POWERS, J.**

In this criminal case, defendant pleaded guilty to felony driving under the influence of intoxicants (DUII), ORS 813.010 and ORS 813.011 (Count 1), felony driving while suspended or revoked (DWS or DWR), ORS 811.182 (Count 2), and an open container violation, ORS 811.170 (Count 4). On appeal, he challenges the imposition of consecutive sentences on Counts 1 and 2, arguing that the record is insufficient to support the trial court's determination that defendant evinced an intent to commit more than one offense and that the risks posed by DWR caused or created a risk of causing greater or qualitatively different loss, injury, or risk of harm than DUII. We conclude that the trial court erred in imposing consecutive sentences and, therefore, reverse and remand.

## STANDARD OF REVIEW

We review a trial court's imposition of consecutive sentences for errors of law and determine whether the trial court's predicate factual findings are supported by any evidence in the record. *State v. Traylor*, 267 Or App 613, 615-16, 341 P3d 156 (2014). In so doing, we recount the undisputed facts as described by the prosecutor at sentencing with reasonable inferences necessarily viewed in the light most favorable to the trial court's findings. *State v. Edwards*, 286 Or App 99, 100, 399 P3d 463, *rev den*, 362 Or 175 (2017) (citing *State v. Byam*, 284 Or App 402, 406, 393 P3d 252 (2017)).

## BACKGROUND

On a late June evening, defendant was driving through Albany and nearly struck a group of people gathered on the side of the road. Witnesses reported the incident and followed defendant, who then pulled into a mini-mart, purchased some beer, stumbled out of the store, and got back into his car. A responding officer saw defendant pulling out of the parking lot, hit the curb, and begin weaving down the street. The officer followed defendant a short while until defendant arrived at his home. Defendant had trouble getting out of his car, and the officer observed other signs of impairment. Defendant admitted to having a couple of beers

and eventually submitted to a breath test, which revealed a .26 percent blood alcohol content (BAC). Defendant was arrested and later charged with four counts, including DUII and DWR.

Before trial, defendant filed a motion to suppress, which the trial court denied (and which defendant does not challenge on appeal). He then entered a guilty plea as described above, which constituted defendant's eighth DUII and seventh DWR convictions, and the state dismissed Count 3, recklessly endangering another person. As part of the plea agreement, defendant admitted to two sentence-enhancement facts: (1) persistent involvement in similar offenses, and (2) a .26 BAC, which was greater than typical and caused an increased threat of harm to the public.

At sentencing, the parties disputed whether the trial court should impose a consecutive sentence for the DUII and DWR convictions under ORS 137.123(5), which provides a court with discretion to impose consecutive sentences for separate convictions arising out of a continuous and uninterrupted course of conduct only after certain findings have been made. The state argued that the court should impose consecutive sentences because defendant's record illustrates his unwillingness to change his behavior. Further, because of the admitted sentencing enhancement facts and because DUII and DWR "contain separate elements and the elements show and require an intent to commit separate crimes," the court, according to the state, was "empowered to impose consecutive sentences for those two crimes" under ORS 137.123. Defendant asserted that various mitigating factors militated toward imposition of concurrent sentences, and specifically argued that DUII and DWR "necessarily were all part of the same course of conduct," reasoning that they "each occurred at exactly the same time and they each stopped at exactly the same time."

The trial court sentenced defendant to 22 months for the DUII conviction and a consecutive 10-month term for felony DWR. In so doing, the court made alternative findings. With respect to ORS 137.123(5)(a), the court found that "[d]efendant's willingness to drive while under the influence of intoxicants and while suspended indicate[s] a willingness

to commit more than one criminal offense." With respect to ORS 137.123(5)(b), the court concluded that,

> "driving while suspended offers, I think, a minimal threat to the community. I don't know that there is a significant threat just by not having a license while you drive. But driving at a .26 [BAC] offers a risk of causing greater or qualitatively different loss. So I find under either [ORS 137.123(5)(a) or (5)(b)] a consecutive sentence is allowed."

On appeal, defendant raises three assignments of error, two of which are now moot given the issuance of an amended judgment while this appeal was pending that defendant agrees adequately resolved those assignments of error. Defendant's remaining assignment of error challenges the trial court's imposition of sentences by arguing that the record does not support either of the trial court's determinations.

With respect to ORS 137.123(5)(a), defendant asserts that there is no evidence in the record to evince defendant's willingness—or a "separate and distinct intent"—to commit DUII and DWR. Defendant argues that, by driving while intoxicated, he "concurrently—by a single act (driving)—committed both DUII and DWR," and, therefore, nothing in the record "supports the inference that defendant drove to commit DWR, as opposed to just driving while intoxicated." The state contends that "it was inferable that defendant was willing to commit both felony DWR and felony DUII. A person does not have to commit the offense of DUII to commit the offense of DWR and vice versa." That is because "[c]hoosing to drive in disregard of a revocation is a separate and distinct offense, with a different factual basis, from choosing to drive while intoxicated." Therefore, according to the state, "the fact that defendant * * * committed both offenses demonstrated that the offenses were not merely incidental to each other and that he was willing to commit each offense."[1]

With respect to ORS 137.123(5)(b), defendant argues that the trial court erred in making defendant's DWR

---

[1] The state also makes preservation arguments to specified portions of defendant's arguments on appeal; however, we need not address those arguments given our disposition on arguments that were preserved. Accordingly, we do not address the state's preservation challenges.

sentence consecutive to the DUII sentence based on a finding that the "DUII created a risk of 'greater or qualitatively different loss' than DWR." Defendant asserts that, because "defendant's convictions for DUII and DWR were predicated on the same act—defendant's driving—the harms caused by defendant's conduct were the same." The state remonstrates that DUII and DWR involve a risk of causing qualitatively different harms. That is, defendant

> "harmed the state by disregarding the revocation of his driver's license and driving on the public roads despite being prohibited from doing so. Although that harm was abstract and may have amounted to 'a minimal threat to the community'—as the trial court put it—that was the actual harm caused by defendant's regulatory crime given its nature."

By contrast, the "risk of harm from defendant's felony DUII offense *** was qualitatively different" because "[t]he legislature enacted that prohibition to protect against the risk that an intoxicated driver would cause an accident that causes death, physical injury to persons, or damage to property." For the reasons explained below, we agree with defendant's arguments on both of the trial court's alternative findings.

## ANALYSIS

ORS 137.123 provides, in part:

> "(5)  The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

> "(a)  That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

> "(b)  The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened

by the other offense or offenses during a continuous and uninterrupted course of conduct."

As noted earlier, the trial court made alternative findings in support of consecutive sentences, which we address in turn.

ORS 137.123(5)(a) is, "in many ways, amorphous—and perhaps inscrutable." *State v. Anderson*, 208 Or App 409, 415, 145 P3d 245 (2006), *rev den*, 343 Or 33 (2007). Nothing in the statute "defines the phrase 'merely incidental.' Nor does anything in the statutory context or legislative history provide guidance[.]" *Id.* at 417 (footnote omitted). In *Anderson*, however, we were able to glean "some guidance" from our past decisions. *Id.* In that case, we distilled three "instructive, albeit hardly conclusive, principles" after tracing the statute's history and evolution:

"First, the determination of whether a defendant evinced the requisite 'willingness to commit more than one criminal offense' is, as with any other determination of culpable mental states, innately factual. That is, that determination is a product of the 'discrete facts' of each case and inferences reasonably derived from those facts.

"Second, the fact that two crimes share a common motivation, or that one crime motivates the other, is not dispositive of whether one is 'merely incidental' to the other. * * *

"Third, * * * the fact that the defendant could have committed one offense without committing the other demonstrates a willingness to commit both."

*Id.* at 417-18 (emphases and citations omitted).

We have also observed that when a defendant "commits two offenses by the same act undertaken to achieve the same purpose, in the absence of explicit evidence of multiple intents, consecutive sentences are not authorized because the two offenses are so inextricably intertwined" that the consecutively sentenced offense is necessarily incidental to the more serious crime. *Edwards*, 286 Or App at 103 (emphasis, citation, and internal quotation marks omitted). If a consecutively sentenced offense is "temporally or qualitatively distinct" from the more serious offense, "such evidence may support an inference that the commission of one offense was not merely incidental to the other." *Id.* Ultimately, "unless

the record contains discrete facts supporting an inference that a defendant acted with a willingness to commit multiple offenses," imposition of consecutive sentences under ORS 137.123(5)(a) is improper. *Id.* at 104 (internal quotation marks and citation omitted).

As presented by the facts of this case, the trial court erred in concluding that DWR is "temporally or qualitatively distinct" from DUII. That is, there is no evidence of multiple intents or discrete facts supporting an inference that defendant acted with a willingness to commit multiple offenses. Here, the facts supporting the DWR conviction are "so inextricably intertwined" with the facts supporting the DUII conviction that the DWR is "merely incidental" to the DUII offense. Both of defendant's convictions are predicated on a single act: driving. Both offenses began when defendant started driving and ended when defendant stopped driving. This case would be different if there was evidence that defendant first drove without being under the influence and then later drove while under the influence. In that situation, there may be an inference of a willingness to commit multiple offenses. Under the discrete facts of this case, however, defendant drove while revoked and drove while under the influence of intoxicants while his driving privileges were revoked. Those facts, standing alone, do not suggest that defendant intended to commit DUII and also commit DWR. Thus, because there is no evidence to support an inference that defendant acted with a willingness to commit multiple offenses, the trial court erred in imposing consecutive sentences under ORS 137.123(5)(a).

We now turn to the trial court's reliance on ORS 137.123(5)(b), which provides a trial court discretion to impose consecutive sentences when one offense "caused or created a risk of causing greater or qualitatively different loss, injury or harm" than another offense. In making the required factual findings,

> "a court must (1) determine which offense is the offense for which a consecutive sentence is contemplated; (2) compare the harms—real or potential—that arose from that offense with those that arose from the offense to which it will be sentenced consecutively; (3) determine whether the offense

> for which a consecutive sentence is contemplated caused or risked causing any harm that the other did not; and, if so, (4) determine whether the harm that is unique to that offense is greater than or qualitatively different from the harms caused or threatened by the other."

*State v. Rettmann*, 218 Or App 179, 185-86, 178 P3d 333 (2008) (footnote omitted).

In *Rettmann*, the defendant cut his five-year-old son's wrists. *Id.* at 181. The victim survived, and the defendant was charged and convicted with attempted aggravated murder and second-degree assault and sentenced to consecutive sentences under ORS 137.123(5)(b). On appeal, the defendant challenged the imposition of consecutive sentences, arguing that "the assault and the attempted aggravated murder were predicated on a single act, * * * neither caused any harm that the other did not." *Id.* at 183. We agreed with the defendant's argument, concluding that "[a] single act produces only one set of harms, even if the act constitutes multiple offenses." *Id.* at 186. In assessing harm, we noted that "potential harms" means "harms that were risked, though not realized, by the conduct that actually occurred." *Id.* at 185 n 2. We also observed that it is not "appropriate to consider theoretical harms that an offense * * * could have caused." *Id.* Concluding that ORS 137.123(5)(b) does not authorize consecutive sentences for multiple offenses that arise out of a single act, we explained: "Where two offenses are predicated on the same act, logic will not support the conclusion that one offense caused or created a risk of causing some harm that the other offense did not." *Id.* at 186.

In this case, the conduct was driving while under the influence of intoxicants while defendant's driving privileges were revoked. Thus, because the conduct at issue is predicated on a single act—driving—*Rettmann* compels the conclusion that the trial court erred in imposing consecutive sentences under ORS 137.123(5)(b). The state nonetheless argues that there are different risks present with each offense because, among other things, defendant's DWR offense caused "an abstract, regulatory harm" to the state, whereas DUII "created the risk that [defendant] would cause an accident by driving drunk, thereby injuring persons or

property." As an initial matter, the state's argument runs contrary to the principle that, when comparing harms or risk of harms, we look to the conduct that actually occurred. *See Rettmann*, 218 Or App at 185 n 2. Moreover, the state's argument in this case is the same argument that we rejected in *Rettmann*. That is, the state's argument focuses on the "abstract harm that the legislature contemplated in enacting the statutory offense[.]" *Edwards*, 286 Or App at 107. That argument, we explained in *Edwards*, "is difficult, if not impossible to reconcile with *Rettmann*." *Id.* at 108; *see also Rettmann,* 218 Or App at 186 ("[W]hatever harms resulted from or were risked by defendant's act * * * were the same regardless of which offense the act is viewed as."). Accordingly, because defendant's conduct is predicated on a single act, *Rettmann* controls and ORS 137.123(5)(b) does not authorize consecutive sentences for multiple offenses that arise out of that single act.

Reversed and remanded for resentencing; otherwise affirmed.