Argued and submitted July 23; reversed and remanded for resentencing, otherwise affirmed September 9, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK WILLIAM LARSON II,
aka Mark W. Larson, aka Mark W. Lawson,
*Defendant-Appellant.*

Umatilla County Circuit Court
19CR06449; A171615

497 P3d 818

In this criminal appeal, defendant contests the trial court's imposition of consecutive sentences. Among other offenses, defendant was convicted of driving under the influence of intoxicants and driving while suspended. The trial court sentenced defendant to 180 days on each of those charges and ordered those sentences be served consecutively. Defendant argues that the DUII and driving while suspended violations arose from the same continuous and uninterrupted course of conduct, and thus should be sentenced concurrently, not consecutively. *Held*: The evidence in the record was insufficient to support the imposition of consecutive sentences for DUII and driving while suspended because there was no evidence of multiple intents or discrete facts supporting an inference that defendant acted with a willingness to commit multiple offenses.

Reversed and remanded for resentencing; otherwise affirmed.

Daniel J. Hill, Judge.

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. Also on the reply brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. On the opening brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erin J. Snyder Severe, Deputy Public Defender, Office of Public Defense Services.

Weston Koyama, Assistant Attorney General, argued the cause for respondent. Also on the brief was Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Kamins, Judge, and Kistler, Senior Judge.

JAMES, P. J.

Reversed and remanded for resentencing; otherwise affirmed.

**JAMES, P. J.**

Defendant appeals a judgment of conviction and sentence for one count of driving under the influence of intoxicants (DUII), driving while revoked, reckless driving, and refusal to take a test for intoxicants. The trial court executed 90 days of the DUII sentence but suspended execution of the remaining jail sentences on all three convictions. The trial court also ordered that, if defendant later violated probation and probation was revoked on all three sentences, then one of the sentences would run consecutively to one of the others. On appeal, defendant argues that the not-yet-executed sentences violate ORS 137.123, which generally bars consecutive sentences except under certain circumstances. We agree and remand for resentencing.

We begin by noting that, although the issue here concerns sentences to be imposed upon a potential future probation violation, we disagree with the state that the issue is nonjusticiable because it is not ripe.

ORS 137.010(3) provides that, "[e]xcept when a person is convicted of a felony," a court "may suspend the imposition or execution of any part of a sentence for any period of not more than five years." ORS 137.010(4) provides that "[i]f the court suspends the imposition or execution of a part of a sentence for an offense other than a felony," then the court "may also impose and execute a sentence of probation on the defendant for a definite or indefinite period of not more than five years."

Accordingly, if a defendant violates misdemeanor probation, the trial court "that imposed probation, after summary hearing, may revoke the probation" and "[i]f the execution of some other part of the sentence has been suspended, the court *shall cause* the rest of the sentence to be executed." ORS 137.545(5)(a)(A) (emphasis added). The statute is mandatory. *See, e.g.*, *State v. Rudnick*, 268 Or App 125, 129-31, 341 P3d 211 (2014) (a trial court that imposes but suspends the execution of a misdemeanor sentence, places a defendant on probation, and later revokes probation must execute the previously imposed sentence without amendment).

Because ORS 137.010(3) is nondiscretionary, the time for defendant to challenge the legality of the consecutive sentences, even though a probation violation may never occur, is now. *State v. Burns*, 259 Or App 410, 417, 314 P3d 288 (2013), *recons den and appeal dismissed*, 261 Or App 113, 323 P3d 275 (2014).

Turning to the merits, we recently reversed the imposition of consecutive sentences for DUII and driving while suspended in *State v. Porter*, 313 Or App 565, 494 P3d 988 (2021). There, we noted that,

> "when a defendant 'commits two offenses by the same act undertaken to achieve the same purpose, in the absence of explicit evidence of multiple intents, consecutive sentences are not authorized because the two offenses are so inextricably intertwined' that the consecutively sentenced offense is necessarily incidental to the more serious crime. \*\*\* If a consecutively sentenced offense is 'temporally or qualitatively distinct' from the more serious offense, 'such evidence may support an inference that the commission of one offense was not merely incidental to the other.' \*\*\* Ultimately, 'unless the record contains discrete facts supporting an inference that a defendant acted with a willingness to commit multiple offenses,' imposition of consecutive sentences under ORS 137.123(5)(a) is improper."

*Id.* at 570-71 (internal citations omitted).

This record is insufficient to support the imposition of consecutive sentences. Like in *Porter*, the charges here are all predicted on a single act: driving. And here, as in *Porter*, this record shows "no evidence of multiple intents or discrete facts supporting an inference that defendant acted with a willingness to commit multiple offenses." *Id.* at 571. Accordingly, we vacate the sentences and remand for resentencing.

Reversed and remanded for resentencing; otherwise affirmed.