No. 786          October 30, 2024          793

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSE ALLEN LANE,
nka Jesse Aaron-Richard Hastings,
*Defendant-Appellant.*

Columbia County Circuit Court
16CR64847; A179001

Ted E. Grove, Judge.

Submitted September 25, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal proceeding, defendant appeals from a judgment convicting him of murder and raises three assignments of error, the first two of which are focused on the trial court's refusal to allow him to withdraw his pleas and the last of which challenges a portion of the judgment. We conclude that the first two assignments of error are not reviewable under ORS 138.105(5) and the last assignment of error is moot given the entry of an amended judgment. Accordingly, we affirm.

Because the parties are familiar with the undisputed procedural facts, we provide only a condensed summary for this nonprecedential memorandum opinion. Defendant pleaded guilty to murder and first-degree kidnapping for his role in the death of A, who was found dead in 2016 in a remote part of Columbia County with fatal injuries. An investigation revealed that three people were involved in kidnapping A, driving her out to the area, and killing her. Ultimately, about a year after A was murdered, defendant and the state entered into a cooperation and plea agreement. Defendant agreed to plead guilty to murder and first-degree kidnapping, be sentenced to life without the possibility of parole for 25 years and a lifetime term of post-prison supervision (PPS) on the murder count, and he would be able to withdraw his kidnapping plea and have all counts except murder be dismissed if he fully cooperated in the prosecution of two codefendants.

Years later, defendant filed a motion to withdraw his plea, alleging that the state breached the plea agreement and that he received an incorrect sentence such that the only adequate remedy was to allow him to withdraw his plea. While that motion was pending, he filed a motion to compel a constitutionally and statutorily compliant plea agreement. The trial court denied both motions. Defendant timely appeals, advancing three assignments of error.

On appeal, defendant asserts in his first two assignments of error that the trial court erred by denying his motion to withdraw his pleas and by denying his motion to compel a "constitutionally and statutorily compliant plea agreement."

The state remonstrates that the first two assignments of error are not reviewable under ORS 138.105(5), which limits reviewability of convictions arising from guilty pleas. We agree with the state's argument.

ORS 138.105(5) provides that we have "no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest" except under circumstances that are not present in this case.[1]  Because defendant's first two assignments of error relate to the validity of his guilty plea, we summarily conclude that his claims are not reviewable. *See State v. Colgrove*, 370 Or 474, 497, 521 P3d 456 (2022) (concluding that the legislature intended ORS 138.105(5) "to preclude a defendant who has pleaded guilty or no contest from obtaining appellate review of legal challenges to the conviction in the judgment entered in the trial court").

In his third assignment of error, defendant contends that the trial court erred by failing to order in the judgment that he would be eligible for parole after 25 years. While this appeal was pending, the trial court exercised its authority under ORS 137.172 and entered an amended judgment in September 2024.[2]  The amended judgment tracks the language of ORS 163.115(5)(b) (2015), which was in effect at the time of the crime:

> "The defendant is sentenced to imprisonment for life. The defendant shall be confined for a minimum of 25 years

---

[1] The exceptions relate to a conditional plea that reserved the right to challenge an adverse ruling after a pretrial motion and specified merger issues. ORS 138.105(5) provides, in full:

"The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest, except that:

"(a) The appellate court has authority to review the trial court's adverse determination of a pretrial motion reserved in a conditional plea of guilty or no contest under ORS 135.335.

"(b) The appellate court has authority to review whether the trial court erred by not merging determinations of guilt of two or more offenses, unless the entry of separate convictions results from an agreement between the state and the defendant."

[2] Although referred to as the amended judgment, the September 2024 judgment is the second amended judgment. The trial court's first amended judgment, which was issued about a month after the original judgment, added a term of PPS for life, but did not clarify defendant's eligibility for parole.

without [the] possibility of parole, release to post-prison supervision, release on work release or any form of temporary leave or employment at a forest or work camp."

Given that amended judgment, we conclude that defendant's third assignment of error is moot. *See State v. Porter*, 313 Or App 565, 568, 494 P3d 988 (2021) (noting that an amended judgment can moot assignments of error by resolving issues raised by them).

Affirmed.