402 May 7, 2025 No. 413

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH ALEXANDER HEARD,
aka Joseph Alexander Burns, aka Alex Heard,
aka Joseph Alex Heard,
*Defendant-Appellant.*

Umatilla County Circuit Court
22CR51461; A181815

Daniel J. Hill, Judge.

Submitted April 3, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant appeals a judgment of conviction imposed after he pleaded guilty to one count of felon in possession of a restricted weapon, ORS 166.270(2) (Count 1), and unlawful possession of methamphetamine, ORS 475.894 (Count 2), challenging his sentences. On Count 1, defendant was sentenced to 36 months of probation with 180 days in custody, 100 days of which were suspended. The court also imposed a $3,000 fine of which it suspended $2,000. On Count 2, defendant was sentenced to 36 months of probation with 180 days in custody, all of which was suspended, and a $3,000 fine was imposed—with $2,900 suspended. The court ordered Count 2 to be served consecutive to Count 1 and upon revocation, consecutive to all other sentences. Defendant raises two assignments of error, contending that the trial court erred by imposing consecutive sentences and erred by imposing a special condition of probation that upon revocation, the sentence on Count 2 would be consecutive to all other sentences. For the reasons provided below, we affirm.

In his first assignment of error, defendant asserts that the trial court erred by imposing consecutive sentences. Defendant argues that a trial court does not have inherent authority to impose consecutive sentences, citing *State v. Trice*, 146 Or App 15, 21, 933 P2d 345, *rev den*, 325 Or 280 (1997), and that ORS 137.123(5) precludes the court's imposition of consecutive sentences on these facts. The state responds that defendant did not raise the argument below, and that, in any event, the court did not err. The state cites *State v. Bucholz*, 317 Or 309, 321, 855 P2d 1100 (1993), in support of its position.

"We review a trial court's imposition of consecutive sentences for errors of law and determine whether the trial court's predicate factual findings are supported by any evidence in the record." *State v. Porter*, 313 Or App 565, 566, 494 P3d 988 (2021). When "a trial court's purported exercise of discretion flows from a mistaken legal premise, its decision does not fall within the range of legally correct choices." *State v. Romero*, 236 Or App 640, 643-44, 237 P3d 894 (2010).

The record indicates that defendant requested concurrent sentences, but did not raise any argument—either based

in fact or in law—regarding the court's imposition of consecutive sentences. Thus, defendant's argument is unpreserved. Defendant does not request plain error review and therefore we do not exercise our plain error discretion. *Bucholz*, 317 Or at 321; *see also State v. Soto-Nunez*, 211 Or App 545, 548-49, 155 P3d 96 (2007), *decision vac'd on other grounds*, 345 Or 316 (2008) ("even assuming that the court erred, it is not appropriate for us to exercise our discretion to review the error[;]" "had defendant called [the argument] to the court's attention, it might easily have been remedied"). We express no further opinion about the arguments raised and legal authorities cited by the parties regarding defendant's first assignment of error.

In defendant's second assignment of error, he contends that "[t]he trial court erred by ordering as a special condition of probation on Count 2: 'Consecutive to count 1 and upon probation revocation, sentence is consecutive to all other sentences.'" Defendant notes that the argument is unpreserved and requests plain error review. For an error to be reviewable as plain, "it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether to exercise our plain error "discretion entails making a prudential call that takes into account an array of considerations," which include but are not limited to the competing interests of the parties, the gravity of the error, and the ends of justice. *Id.* at 630-31.

ORS 137.545(5)(a)(A) provides that, if probation is revoked with regard to any misdemeanor, "[i]f the execution of some other part of the sentence has been suspended, the court *shall* cause the rest of the sentence imposed to be executed." (Emphasis added.) Because ORS 137.545(5)(a)(A) provides for a nondiscretionary imposition of any suspended sentence upon revocation of probation, "the time for defendant to challenge[,] *** even though a probation violation may never occur, is now." *State v. Larson*, 314 Or App 309, 312, 497 P3d 818 (2021).[1]

---

[1] In *Larson*, the court discussed both ORS 137.010 and 137.545 in determining the ripeness of a defendant's challenge to a suspended sentence that could later be executed upon revocation. We note that the decision appears to contain at least one scrivener's error where it cites to ORS 137.010; it is clear from the

Reviewing the challenged portion of the judgment—"Consecutive to count 1 and upon probation revocation, sentence is consecutive to all other sentences"—and considering it in context of the sentencing hearing transcript, we determine there is no plain error. The hearing transcript makes clear that the court intended for any sentence associated with Count 2 to be served consecutively to Count 1. As noted above, any purported error within that sentencing decision is not reviewable. We understand that portion of the judgment to serve as a memorialization of the court's decision that the sentence for Count 2—including the suspended jail time, if imposed following revocation of defendant's probation—shall be served consecutively to the sentence for Count 1. It is not obvious that the challenged phrase imposes any other constraint on the appropriate exercise of discretion by a future court with regard to defendant. In other words, the portion of defendant's judgment that he challenges in his second assignment of error, does not inhibit a future court—in the event that defendant violates his probation—from exercising discretion whether to revoke defendant's probation or impose a different consequence, nor is it obvious that the phrase constrains a court's discretion with regard to imposing sentences on defendant in other matters.

Affirmed.

---

court's discussion of how each statute operates that the court was referring to ORS 137.545. *Larson*, 314 Or App at 312 (referring to ORS 137.010(3) as "nondiscretionary," having just explained based on the plain test of the statutes that ORS 137.010 was discretionary, whereas ORS 137.545 was mandatory). We note that there appears to be a second scrivener's error using the term "predicted" rather than "predicated." *Id.*